John K. BAUGHN, Plaintiff–Appellant,

v.

PRIDE MOBILITY PRODUCTS COR-PORATION, Defendant–Third–Party–Plaintiff–Cross–Claimant–Appellee,

Yankee Medical, Inc., Defendant–Cross–Claimant–Cross–Defendant–Appellee,

KCM Marketing, Inc., Third–Party–Defendant.

No. 06–1378–cv.

United States Court of Appeals, Second Circuit.

Feb. 21, 2007.

Marshall Richer, (Lawrence D. Lissauer, on the brief), Finkelstein & Part-

ners, LLP, Newburgh, NY, for Plaintiff–Appellant John K. Baughn.

Neil L. Sambursky, (Charles A. Martin, on the brief), Miranda Sokoloff Sambursky Slone Verveniotis, LLP, Mineola, NY, for Defendant–Appellee Pride Mobility Products Corporation.

Thomas J. Wilkinson, Hanlon, Veloce, & Wilkinson, Albany, NY, for Defendant–Appellee Yankee Medical, Inc.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant John Baughn appeals from a judgment and order of the United States District Court for Northern District of New York (McAvoy, *J.*) entered February 24, 2006, granting summary judgment to defendants-appellees and dismissing Baughn's product liability action. Plaintiff contends that the death of Robert Baughn was caused by a design defect in the Pride Mobility Sundance Scooter, manufactured by defendant Pride Mobility Products Corporation ("Pride Mobility") and distributed by defendant Yankee Medical, Inc. We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

We review a grant of summary judgment *de novo*. *Brooks v. Outboard Marine Corp.*, 234 F.3d 89, 91 (2d Cir.2000). We review the claims of genuine issues of material fact *de novo*, drawing all inferences in appellant's favor. *Gibson v. Am. Broadcasting Cos.*, 892 F.2d 1128, 1131 (2d Cir.1989). Under New York law, a plaintiff establishes a prima facie case of product liability for a design defect by showing (1) that the manufacturer marketed a product designed so that it was "not reasonably safe" and (2) that the defective design was a substantial factor in causing plaintiff's injury. *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107, 463 N.Y.S.2d 398, 450 N.E.2d 204 (N.Y.1983).

Baughn claims that a series of defects in the Sundance scooter caused the battery cables in the scooter to short circuit, spark a fire, and cause Robert Baughn's death. There is no evidence demonstrating that any material in the scooter could have caught on fire within ten seconds of a sustained charge—the maximum length of time plaintiff's expert acknowledged that any short circuit would last. Facing the defendants' uncontroverted evidence that the shroud around the scooter's battery cables would have needed 2 minutes and 27 seconds of direct flame before it would ignite, we agree with the district court that no reasonable trier of fact could conclude that a short circuit sparked a fire within the Sundance scooter.[1] Accordingly, the plaintiff did not establish a prima facie case that the scooter's design was the proximate cause of the death of Robert Baughn.

For these reasons, we AFFIRM the judgment of the district court.

---

1. Counsel for Baughn never made any attempt to establish causation using circumstantial evidence under *Speller v. Sears, Roebuck, and Co.*, 100 N.Y.2d 38, 760 N.Y.S.2d 79, 790 N.E.2d 252 (N.Y.2003).